UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| STEVEN BLAKE CUMMINGS, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. CV616-080 <br> CR615-001 |

## REPORT AND RECOMMENDATION

Having pled guilty to, and been sentenced for, distribution of cocaine, (doc. 215 (plea agreement)[1], doc. 260 (judgment)), Steven Cummings moves under 28 U.S.C. § 2255 for resentencing absent a career offender sentencing enhancement. Doc. 324. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

Cummings' Presentence Investigation Report (PSR) deemed him a career offender under U.S.S.G. § 4B1.1 based on prior convictions for sale of cocaine, possession with intent to distribute (PWID) marijuana,

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

and cocaine PWID. PSR ¶ 27. After adopting the PSR, the Court sentenced him to 156 months' imprisonment. Doc. 260 (entered November 10, 2015). Because he never appealed, Cummings' conviction became final on November 24, 2015. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Cummings filed the instant § 2255 motion less than one year later. Doc. 324 at 8 (filed June 23, 2016). He argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), eliminates his drug offenses as predicates for his 4B1.1 enhancement, and thus that he no longer qualifies as a career offender. Doc. 325 at 1-5.

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate

due process. *See* 135 S. Ct. at 2557. Importantly, it said nothing about "serious drug offenses," which remain a valid basis for ACCA enhancements. *See id.* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense").

The Sentencing Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause that *Johnson* found unconstitutional. U.S.S.G. § 4B1.2(a)(2). If (1) *Johnson*'s animating logic applies to the Guidelines, and (2) two of Cummings' predicate convictions qualifies as a "crime of violence" under § 4B1.1's residual clause,[2] his career offender enhancement is unconstitutional.

At least in this circuit, *Johnson* does not apply to the Guidelines.

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. . . . The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.

---

[2] Unlike ACCA, which requires three predicates, § 4B1.1 asks only for two. Cummings' career offender enhancement rested on three controlled substance offense predicates, PSR ¶ 27, so here he would have to show the elimination of two to triumph under *Johnson*'s rationale.

3

The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.

The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in *United States v. Booker*." *Irizarry v. United States*, 553 U.S. 708, 713, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." *Tichenor*, 683 F.3d at 365 (footnote omitted).

'Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.' *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

4

*United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *In re: Marvin Griffin*, ___ F.3d ___, 2016 WL 3002293 at * 4 (11th Cir. May 25, 2016) (even mandatory sentencing guidelines cannot be unconstitutionally vague).

Even if *Johnson* applied to the Guidelines, Cummings' § 4B1.1 enhancement remains valid because controlled substance offenses, not crimes of violence, served as predicates. *See* PSR ¶ 27. Recall that *Johnson* says nothing about the viability of "serious drug offense"[3] predicates. *See* 135 S. Ct. at 2563; *see also In re Williams*, ___ F.3d ___, 2016 WL 3460899 at * 4 (11th Cir. June 24, 2016) ("Since the § 841(b)(1)(A) mandatory life sentence is triggered by prior convictions for a 'felony drug offense,' it is not even arguably affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a violent felony."). The phrase "controlled substance offense" in § 4B1.2 (which defines terms used in § 4B1.1) covers similar ground as that ACCA

---

[3] Under ACCA, "serious drug offense" means, among other things, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

phrase.[4] And just as *Johnson*'s logic failed to implicate drug offenses in the ACCA context, so too does it not apply to "controlled substance offenses" for Guidelines purposes.[5]

Accordingly, Cummings' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.")

---

[4] "[C]ontrolled substance offense means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

[5] Cummings takes this line of argument to the next level -- he contends that Georgia convicted him of non-felonious drug offenses that cannot serve as controlled substance predicates regardless of *Johnson*'s applicability. Doc. 325 at 5-7. Scrutiny belies that claim. All three of his predicates -- PWID of cocaine and marijuana, and sale of cocaine -- meet 4B1.1's "controlled substance offense" definition (they also satisfy ACCA's "serious drug offense" clause, which requires more imprisonment to qualify for enhancement than do the Guidelines). *Compare* U.S.S.G. § 4B1.2(b), *with* O.C.G.A. 16-13-30 (people who sell, or possess with intent to distribute, cocaine or marijuana "shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years").

6

(emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

SO REPORTED AND RECOMMENDED this 29th day of June, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA